******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PRESCOTT, J., concurring. Although I agree with the majority's conclusion that the defendant cannot prevail on his claim of instructional error, I reach that conclusion for a different reason. In my view, the defendant's claim fails as a matter of law because he failed to brief adequately how he was harmed by the court's alleged failure to give the requested third-party culpability instruction. Accordingly, I do not reach the merits of the defendant's claim on appeal and respectfully concur in the result.

"It is well settled that, absent structural error, the mere fact that a trial court rendered an improper ruling does not entitle the party challenging that ruling to obtain a new trial. An improper ruling must also be harmful to justify such relief. . . . The harmfulness of an improper ruling is material irrespective of whether the ruling is subject to review under an abuse of discretion standard or a plenary review standard. . . . [If] the ruling at issue is not of constitutional dimensions, the party challenging the ruling bears the burden of proving harm." (Internal quotation marks omitted.) *State* v. *Toro*, 172 Conn. App. 810, 816, 162 A.3d 63, cert. denied, 327 Conn. 905, 170 A.3d 2 (2017).

This court has held previously that a claim of instructional error regarding the denial of a third-party culpability instruction is not of constitutional magnitude. See *State* v. *Blaine*, 168 Conn. App. 505, 516, 147 A.3d 1044 (2016), cert. granted and cause remanded on other grounds, 325 Conn. 918, 163 A.3d 618 (2017); *State* v. *Inglis*, 151 Conn. App. 283, 296–97, 94 A.3d 1204, cert. denied, 314 Conn. 920, 100 A.3d 851 (2014), cert. denied, U.S. , 135 S. Ct. 1559, 191 L. Ed. 2d 647 (2015). Accordingly, "the defendant has the appellate burden to establish harm flowing from the [instructional] error, in order to secure a reversal of the judgment." (Internal quotation marks omitted.) *State* v. *Malave*, 250 Conn. 722, 741, 737 A.2d 442 (1999), cert. denied, 528 U.S. 1170, 120 S. Ct. 1195, 145 L. Ed. 2d 1099 (2000); see also *State* v. *Arroyo*, 284 Conn. 597, 614–615, 935 A.2d 975 (2007) (engaging in harmful error analysis after determining court improperly refused to give third-party culpability instruction).

In the present case, the defendant's principal brief contains no analysis of whether the court's failure to give the requested third-party culpability instruction was harmful under the circumstances of this case. That brief fails to discuss the appellant's burden in this regard or to analyze any of the factors that courts typically employ to assess whether the defendant has met his burden to demonstrate harm. See, e.g., *State* v. *Arroyo*, supra, 284 Conn. 614–15; *State* v. *Blaine*, supra, 168

Conn. App. 516–17.

Rather, the defendant presents his harmful error analysis for the first time in his reply brief in response to the state's argument that any instructional error was harmless. As we have indicated on numerous occasions, we will not consider arguments raised for the first time in a reply brief. See, e.g., *State* v. *Toro*, supra, 172 Conn. App. 820. Because the defendant failed to address the issue of harm in his principal brief, he cannot meet his burden of establishing harmful error. Thus, even if the defendant were able to demonstrate that he was entitled to a third-party culpability instruction, he would not be entitled to the relief he seeks, namely, a reversal of the judgment and a new trial. Accordingly, I would affirm the judgment of the court without reaching the merits of the defendant's claim of instructional error.

———————————————